IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JEREMY DANIEL WICKER, #1732768 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv363 |
| NORRIS D. JACKSON, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Jeremy Daniel Wicker, an inmate confined at the Beto Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #11) concluding that the lawsuit should be dismissed as frivolous. Mr. Wicker has filed objections (Dkt. #14).

Mr. Wicker complains that cigarettes and K2 (synthetic marijuana) are being smuggled onto the Beto Unit. He wants the court to issue an order to have the unit searched and have the inmates responsible for smuggling the contraband onto the unit charged with felonies. He is suing supervisory officials at the Beto Unit for refusing to conduct a major search of the unit for K2. He also complains about his conviction and unit lockdowns. Judge Mitchell concluded that Mr. Wicker's claims should be dismissed as frivolous.

In his objections, Mr. Wicker renews his complaint about cigarettes and K2 being smuggled onto the unit. He complains that inmates are smoking cigarettes and K2 and becoming high, which has a detrimental effect on them. He is involved to the extent that people around him

1

are smoking cigarettes and K2. He complains that officials will not do anything about the problem.

The type of claim being raised by Mr. Wicker was examined by the Supreme Court in *Helling v. McKinney*, 509 U.S. 25, 113 S. Ct. 2475 (1993). The Court established a two-prong test to determine whether exposure to second-hand smoke violates a prisoner's rights under the Eighth Amendment. First, a prisoner must prove objectively that he is "being exposed to unreasonably high levels of ETS [Environmental Tobacco Smoke]." *Id*. at 35, 113 S. Ct. at 2482. In assessing the first factor, a court must conduct an inquiry into the seriousness of the potential harm and into the likelihood that second-hand smoke will actually cause such harm. *Id.* at 36, 113 S. Ct. at 2482. Second, the prisoner must show that prison authorities demonstrated "deliberate indifference." *Id.* Vague and speculative allegations "that allowing other prisoners to smoke created an unhealthy environment did not sufficiently state a claim for exposure to environmental tobacco smoke." *Harrison v. Smith*, 83 F. App'x 630, 631 (5th Cir. 2003).

Plaintiff has presented only vague and conclusory claims about cigarettes and K2 being smuggled onto the unit and smoked by other inmates. He has not satisfied the first *Helling* prong requiring him to show that he is being exposed to unreasonably high levels of ETS. Furthermore, he admits that cigarettes and K2 are not permitted on the unit and that these items are being smuggled onto the unit. Indeed, prison rules specify that offenders found in possession of tobacco products or similar products may be charged with a disciplinary offense. *See* Offender Orientation Handbook, pages 21-22. He has not alleged facts showing that prison authorities demonstrated deliberate indifference to inmates possessing and smoking cigarettes and K2. In

his objections, he does nothing more than renew his complaint about cigarettes and K2 being brought onto the unit and being smoked by inmates. He has not alleged facts showing a basis for an Eighth Amendment claim under *Helling*.

Mr. Wright also renews his claims about wanting to be released from prison, but this time he couches his claim in terms of wanting more "free-world time," as opposed to a challenge to his conviction. Judge Mitchell correctly observed that a § 1983 lawsuit is the proper vehicle for attacking unconstitutional conditions of confinement, while a habeas petition is the proper vehicle for seeking release from custody. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citations omitted). The present lawsuit is not the proper vehicle for Mr. Wright to seek release from prison.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Wright to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Wright's objections are without merit. Therefore, the findings and conclusions of the Magistrate Judge are adopted as the findings and conclusions of the court. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **9** day of **August, 2017.**

_____
Ron Clark, United States District Judge